UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KOLBUSZ,<br><br>   Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, *et al.*,<br><br>   Defendants. | Civil Action No.<br>1:17-cv-00319 (EGS/GMH) |

## ORDER

This is an action brought by *pro se* Plaintiff Robert Kolbusz pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On January 10, 2020, Judge Sullivan referred the case to the undersigned for full case management, excluding trial. There are currently nine open motions: (1) Plaintiff's motion for an extension of time to file a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 40); (2) Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) (ECF No. 41); (3) the government's three motions for extensions of time to file a dispositive motion (ECF Nos. 42–43, 47); (4) Plaintiff's motion to renew his first motion for summary judgment (ECF No. 46); (5) the government's motion for summary judgment (ECF No. 48); and (5) Plaintiff's cross-motion for summary judgment (ECF No. 50). This Order disposes of a number of those motions and sets a schedule for further briefing on the open issues in this case.

ECF No. 40, filed by Plaintiff on July 15, 2019, seeks (1) service of (a) the government's opposition to Plaintiff's motion to file a third amended complaint and (b) its opposition to Plaintiff's motion to hold the government in contempt; (2) an extension of time to respond to the Court's June 27, 2019 minute orders, which denied Plaintiff's motion to file a third amended complaint

and his motion to hold the government in contempt; and (3) an extension of time to file a motion under Rule 59(e) to alter or amend the Court's June 27, 2019 minute orders.[1]  On July 19, 2019, Plaintiff filed a motion ostensibly pursuant to Rule 59(e) in connection with the June 27, 2019 minute orders.  ECF No. 41.  Three points must be made about that motion.  First, the motion is procedurally improper.  Rule 59(e) applies only to final judgments, *see, e.g.*, *Chapman v. IRS*, No. 17-cv-254 (TNM), 2018 WL 2349519, at *1 n.1 (D.D.C. Apr. 19, 2018), and no final judgment has yet been entered in this case.  The proper vehicle for reconsideration of interlocutory orders like the June 27, 2019 minute orders is Rule 60(b).  *See, e.g.*, *Breen v. Tucker*, 821 F. Supp. 2d 375, 381 (D.D.C. 2011) (noting that the Rule under which a motion for reconsideration will be evaluated "depends on whether the decision to be reconsidered is final or interlocutory").  Second, whether construed as a motion under Rule 59(e) or, as is more proper, a motion under Rule 60(b), the motion is timely.  A Rule 59(e) motion must be filed within 28 days of the judgment to which it is directed; Plaintiff filed his motion on July 19, 2019, 22 days after issuance of the June 27, 2019 minute orders.  Rule 60(b) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1); generally in this District, a period of up to three months after issuance of the relevant order is deemed reasonable, *see, e.g.*, *Carvajal v. DEA*, 286 F.R.D. 23, 26–27 (D.D.C. 2012).  Under that standard, too, 22 days is timely.  Third, the government has not yet filed an opposition to that motion.  As outlined below, it shall include any argument addressing merits of the Rule 59(e) motion—which shall be construed as a Rule 60(b) motion—in its opposition to Plaintiff's cross-motion for summary judgment  In light of the facts that (1) Plaintiff's motions for leave to

---

[1] Plaintiff's motion for leave to file a third amended complaint was filed on December 14, 2018. ECF No. 31.  His motion to hold the government in contempt, which alleges that the government failed to comply with a minute order dated June 20, 2018, directing it to "complete its production of documents to [P]laintiff by no later than September 14, 2018," was filed on April 25, 2019. ECF No. 37.  The government's opposition to both of Plaintiff's motions was filed on June 13, 2019. ECF No. 39.

2

file a third amended complaint and to hold the government on contempt have already been denied in the June 27, 2019 minute orders, (2) Plaintiff has filed a timely motion directed at the June 27, 2019 minute orders (ECF No. 41), and (3) the government will address the merits of Plaintiff's motion directed to the June 27, 2019 minute orders in its opposition to Plaintiff's cross-motion for summary judgment and Plaintiff may address the government's arguments in his reply in further support of his cross-motion for summary judgment, it is hereby

**ORDERED** that the motion found at ECF No. 40 is **DENIED AS MOOT**.

ECF No. 44 is a motion to compel filed by Plaintiff on August 26, 2019. It asserts that the government has failed to produce documents that are the subject of his FOIA request and which the Court ordered to be produced in its minute order dated June 20, 2018. The government has not yet filed an opposition to the motion. As outlined below, the government shall include any argument opposing the motion to compel in its opposition to Plaintiff's cross-motion for summary judgment, and Plaintiff shall have the opportunity to respond to those arguments in his reply in further support of his cross-motion for summary judgment. Therefore, it is hereby

**ORDERED** that Plaintiff's motion to compel (ECF No. 44) is **HELD IN ABEYANCE** and will be resolved in connection with the pending motions for summary judgment.

ECF No. 46, filed on August 26, 2019, both opposes the government's first motion for an extension of time to file a dispositive motion (ECF No. 42)—which is discussed more fully below—and seeks to renew Plaintiff's first motion for summary judgment (ECF No. 36).[2] That first motion for summary judgment was denied as premature in a minute order dated June 6, 2019. In light of the denial of Plaintiff's original motion for summary judgment and the subsequent filing of both the government's motion for summary judgment (ECF No. 48) and Plaintiff's cross-motion

---

[2] Plaintiff's first motion for summary judgment was filed on April 25, 2019.

for summary judgment and opposition to the government's motion for summary judgment (ECF Nos. 50–51), it is hereby

**ORDERED** that Plaintiff's motion to renew his original motion for summary judgment (ECF No. 46) is **DENIED AS MOOT**.

ECF Nos. 42, 43, and 47 are requests by the government for extensions of time to file a dispositive motion, filed in August and September 2019.[3] Plaintiff opposed the first motion for an extension of time.[4] ECF Nos. 45–46. The second motion passed unopposed and unresolved. The third motion sought permission for the government to file its motion for summary judgment on or before October 3, 2019, and entry of a schedule for the briefing of that motion.[5] ECF No. 47. On October 3, 2019, the government filed a motion for summary judgment (ECF No. 48) and Plaintiff has filed an opposition to that motion and a cross-motion for summary judgment (ECF Nos. 50–51).[6] In light of the filing of the government's motion for summary judgment and Plaintiff's opposition, it is hereby

**ORDERED** that the government's first two motions for an extension of time (ECF Nos. 42–43) are **DENIED AS MOOT**. It is further

---

[3] ECF No. 42 was filed on August 6, 2019. ECF No 43 was filed on August 27, 2019. ECF No. 47 was filed on September 27, 2019.

[4] Plaintiff's opposition to the first motion for extension of time (ECF No. 45) was filed on August 26, 2019, one day before the government's second motion for an extension of time. Also on that date, Plaintiff filed his motion to renew his prior motion for summary judgment, which similarly included an opposition to the government's first motion for an extension of time. ECF No. 46.

[5] The government suggested Plaintiff's opposition and cross-motion should be filed by November 4, 2019; the government's opposition to the cross-motion and reply in further support of its motion for summary judgment should be filed by November 18, 2019; and Plaintiff's reply to his cross-motion should be filed by December 2, 2019. ECF No. 47.

[6] The government's motion for summary judgment was filed on October 3, 2019. ECF No. 48. Plaintiff's opposition and cross-motion were filed on December 27, 2019. ECF Nos. 50–51.

**ORDERED** that the government's third motion for an extension of time (ECF No. 47) is **GRANTED NUNC PRO TUNC** to the extent that it seeks an extension of time until October 3, 2019, to file its motion for summary judgment and **DENIED** to the extent that it proposed a briefing schedule. It is further

**ORDERED** that the government's opposition to Plaintiff's cross-motion for summary judgment and its reply in further support of its motion for summary judgment shall be filed on or before **February 3, 2020**. The opposition shall include a response to the merits of Plaintiff's Rule 59(e) motion (construed as a rule 60(b) motion) and shall address the arguments raised in his motion to compel. It is further

**ORDERED** that Plaintiff's reply in further support of his cross-motion for summary judgment shall be filed on or before **March 3, 2020**. The reply may address the government's arguments directed to Plaintiff's Rule 59(e) motion (construed as a Rule 60(b) motion) and to the motion to compel.

Following issuance of this Order, the remaining open motions in this case are (1) Plaintiff's motion directed at the June 27, 2019 minute order (ECF No. 41); (2) Plaintiff's motion to compel (ECF No. 44); (3) the government's motion for summary judgment (ECF No. 48); and (4) Plaintiff's cross-motion for summary judgment (ECF No. 50). The memoranda of law to be filed on February 3, 2020, and March 3, 2020, will address all open issues in this case so that, once those memoranda are filed, the Court may resolve the remaining issues efficiently.

**SO ORDERED.**

Date: January 21, 2020

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE