UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT KOLBUSZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-0319 (EGS/GMH) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO "PLAINTIFF'S OBJECTIONS TO COURT
ORDER 2/17/2021 (ECF NO. 76) REPORT AND RECOMMENDATIONS"**

This lawsuit by Plaintiff Robert Kolbusz ("Plaintiff") arises from three requests: an

October 2016 Freedom of Information Act ("FOIA") and Privacy Act request to Defendant Federal

Bureau of Investigation ("FBI") ("October 2016 Request"), a February 2017 FOIA and Privacy

Act request to Defendant Executive Office for United States Attorneys ("EOUSA") ("February

2017 Request"), and a July 2017 FOIA and Privacy Act request to EOUSA. The Court has assigned

management of this case to Magistrate Judge G. Michael Harvey who, on February 17, 2021,

issued his Magistrate Judge's Report and Recommendation ("Report and Recommendation")

(ECF No. 76) on the parties' cross-motions for summary judgment (ECF Nos. 48 and 50) and an

Order (ECF No. 77) denying Plaintiff's Motion for Leave to File Fourth Supplemental Complaint

("Fourth Motion to Supplement") (ECF No. 72).

Plaintiff objects to (1) Magistrate Judge Harvey's reference in his Report and

Recommendation to a mistaken assertion by the FBI regarding the number of pages it provided

him with its July 17, 2020 supplemental release; and (2) the denial of his Fourth Motion to

Supplement, requesting leave to add allegations against EOUSA pertaining to its denial of his June 2018 FOIA and Privacy Act request to EOUSA ("June 2018 Request").

As demonstrated below, even though the FBI withheld five of the 18 pages it stated it released in full or in part with its supplemental release,[1] those withheld pages were reprocessed pages referenced on the FBI's *Vaughn* index[2] and Magistrate Judge Harvey determined that the FBI properly withheld them under Exemption 5 pursuant to the deliberative process privilege. Further, Plaintiff has failed to establish, as he must, that the denial of his Fourth Motion to Supplement is clearly erroneous or contrary to law where he waited over a year and after the filing of cross-motions for summary judgment to move for leave to supplement his Complaint with his June 2018 Request. Accordingly, the Court should overrule Plaintiff's objections.

## BACKGROUND

On February 17, 2017, Plaintiff instituted this action against the FBI, alleging that the FBI unlawfully withheld records responsive to his October 2016 Request. *See* Compl. ¶¶ 5, 7 (ECF No. 1). That request sought "Any and all FBI 302's[3] and agents handwritten notes, e-mails, letters or other correspondence containing [his] name." *Id.* at Ex. A-1.

On March 6, 2017, Plaintiff filed Plaintiff's Supplement to Complaint (ECF No. 3) adding EOUSA as a defendant and alleging that EOUSA unlawfully withheld documents responsive to his February 2017 Request, which sought the following:

---

[1]     On March 19, 2021, the FBI issued a letter correcting the misstatement in its supplemental release. *See* Ex. 1.

[2]     A "*Vaughn* index" "refer[s] to descriptions of [responsive] documents withheld." *Carter v. Dep't of Commerce*, 830 F.2d 388, 389 n.2 (D.C. Cir. 1987) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

[3]     The term "302s" refers to "internal FBI forms in which evidence is often documented, usually the results of FBI interviews." 2d Seidel Decl. (ECF No. 66-1) ¶ 9 n.2.

> Copies of all contracts with Dr. Edward V. Ross, for the period 2011 to 2017, copies of all invoices submitted by Ross for any services provided to the Office of United States Attorney or Justice Department, detailed payment history of all payments to Edward Ross by DOJ or OUSA [*sic*] for the period 2011 to 2017.

*See* Supplement to Compl. Defendants answered on May 4, 2018. *See* Answer (ECF No. 15).

Subsequently, on June 26, 2018, Plaintiff sought leave to file his Second Supplement to the Complaint (ECF No. 21-1).  On October 2, 2018, the Court granted such leave and deemed the second supplement to be filed. Oct. 2, 2018 Min. Order. In his Second Supplement to the Complaint, Plaintiff alleged that he sent a July 2017 Request to EOUSA requesting "[a]ll notes of interview, memorandums, e-mails, letters, reports, or documents of any kind, relating to the case of United States v. Robert Kolbusz, 12-cr-782, N.D. IL." Pl.'s Second Supplement to the Complaint at 1-2 and Ex. 5.

On September 4, 2018, Plaintiff filed a motion for default judgment on Plaintiff's Second Supplement to the Complaint. *See* Pl.'s Mot. for Default J. (ECF No. 22). Defendants responded on October 17, 2018, noting their consent to Plaintiff filing the document and intent "to file a motion to dismiss the underlying claim of [that] supplemental pleading[.]" Defs.' Opp'n to Pl.'s Mot. for Default J. (ECF No. 28) ¶ 4. This Court subsequently denied as moot Plaintiff's motion for default judgment. Nov. 6. 2018 Min. Order.

On December 3, 2018, this Court entered a briefing schedule for Defendants' anticipated motion to dismiss Plaintiff's Second Supplement to the Complaint. Dec. 3, 2018, Min. Order. Defendants subsequently filed multiple motions for extension of time. *See* ECF Nos. 32-34, 42-43, 47. On October 3, 2019, Defendants filed their Motion for Summary Judgment. *See* ECF No. 48. Plaintiff filed his cross-motion for summary judgment and opposition on December 27, 2019. *See* ECF Nos. 50-51.

On January 10, 2020, this Court referred the case to Magistrate Judge Harvey "for full case management, excluding trial." *See* Jan. 21, 2020, Order (ECF No. 52). On January 21, 2020, Magistrate Judge Harvey granted *nunc pro tunc* Defendants' earlier request for an extension of time to file a motion for summary judgment, to the extent Defendants had sought an extension of time until October 3, 2019, to file their motion for summary judgment that was filed on that date. Jan. 21, 2020 Order at 5. Magistrate Judge Harvey granted Defendants' subsequent requests for extensions of time to file their opposition and reply, including Defendants' last request for an extension up to July 31, 2020. *See*, *e.g,* ECF Nos. 64-65.

On July 17, 2020, the FBI issued a supplemental release with a cover letter that stated, "18 page(s) were reviewed and 18 page(s) are being released."[4] 2d Seidel Decl. (ECF Nos. 66-1 and 67-1) Ex. A. The cover letter further stated:

> The enclosed documents represent the reprocessing of some previously released information responsive to your FOIPA request. The documents are comprised of the following Bates pages FBI (17-cv-319)-13 and 14, FBI (17-cv-319)-79 and 80, FBI (17-cv-319)-86 and 87, FBI (17-cv-319)-91 and 92, FBI (17-cv-319)-257, FBI (17-cv-319)-260 and 261, FBI (17-cv-319)-479 and 480, FBI (17-cv-319)-695 – 697, and FBI (17-cv-319)-920 and 921.

*Id*.

On July 31, 2020, Defendants filed their summary judgment reply brief and cross-motion opposition, which relied on the Second Declaration of Michael G. Seidel (the "Seidel Declaration"). The Seidel Declaration stated that it supplements and incorporates by reference the Declaration of David M. Hardy (the "Hardy Declaration") that had been submitted with

---

[4]     The FBI had previously sent its supplemental release to the address listed for Plaintiff on the Federal Bureau of Prison's website. The FBI resent its supplemental release to the address listed in Plaintiff's signature block on one of his filings after Plaintiff informed undersigned counsel that he did not receive the supplemental release and requested that the FBI resend the supplemental release to that address.

Defendants' Motion for Summary Judgment. 2d Seidel Decl. ¶ 4. The Seidel Declaration further stated, in relevant part, that the FBI made a supplemental release informing Plaintiff that the FBI had "reviewed 18 pages and was releasing 18 pages in full or in part with information withheld pursuant to FOIA Exemptions 5, 6, and 7(C), 5 U.S.C. §§ 552(b)(5), (b)(6), and (b)(7)(C)," and that "[t]he supplemental production was a release of all information previously withheld as work product." 2d Seidel Decl. ¶ 8.

On September 2, 2020, Magistrate Judge Harvey granted Plaintiff's motion for an extension of time until October 31, 2020 to file his reply in support of his cross-motion for summary judgment. Sept. 2, 2020 Order (ECF No. 69). Plaintiff filed his reply brief on October 31, 2020, accompanied by his Fourth Motion to Supplement.[5] *See* ECF Nos. 71-72. With his Fourth Motion to Supplement, Plaintiff sought to challenge EOUSA's denial of his June 2018 Request on September 25, 2018, which was affirmed on administrative appeal on March 18, 2019. *See* ECF No. 72-1. Plaintiff maintained that his June 2018 Request is identical to his February 2017 Request that had been included in his Supplemental Complaint. *See id*.

On February 17, 2021, Magistrate Judge Harvey recommended granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiff's cross-motion in part, as well as partially without prejudice. Magistrate Judge Harvey found that Plaintiff failed to exhaust his administrative remedies on his February 2017 Request to EOUSA and that Defendants conducted adequate searches for records responsive to Plaintiff's October 2016 Request to the FBI. Report and Recommendation at 14-25. Magistrate Judge Harvey also found

---

[5]     On December 14, 2018, Plaintiff had moved for leave to file a third supplement to his Complaint pertaining to a FOIA request he claimed he sent to the Office of Professional Responsibility of the U.S. Department of Justice. *See* ECF No. 31. By Minute Order dated June 27, 2019, this Court denied Plaintiff's request.

that the FBI properly withheld information responsive to Plaintiff's October 2016 Request under FOIA Exemption 5, and the FBI, EOUSA, and Department of Labor (to which the FBI referred records) properly withheld information under Exemption 7(C). Report and Recommendation at 36-44. Magistrate Harvey determined that there was insufficient information to sustain the FBI's withholdings under Exemptions 7(D) and 7(E) for records responsive to Plaintiff's October 2016 Request; EOUSA's categorical withholding of information responsive to Plaintiff's July 2017 Request; and the FBI's segregability determination. Report and Recommendation at 44-61.

Magistrate Judge Harvey denied Plaintiff's Fourth Motion to Supplement by Order dated February 17, 2021. Magistrate Judge Harvey found that "Plaintiff seeks to file a supplemental complaint over three years after filing his original complaint and only after the parties have completed summary judgment briefing." Feb. 17, 2021 Order at 3. Accordingly, Magistrate Judge Harvey agreed with Defendants that the motion should be denied because of Plaintiff's undue delay in seeking to supplement his complaint. *Id*. at 2-3.

## STANDARDS OF REVIEW

### I.    Local Civil Rule 72.2

Local Civil Rule 72.2(a) authorizes the referral of a wide variety of matters (except those enumerated in Local Civil Rule 72.3) for determination by a magistrate judge. "Under Local Civil Rule 72.2(b), '[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 14 days'" of service of the ruling. *New Life Evangelistic Ctr*., *Inc. v. Sebelius*, 847 F. Supp. 2d 50, 52 (D.D.C. 2012) (quoting LCvR 72.2(b)). "The objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." LCvR 72.2(b). "Pursuant to Local Civil Rule 72.2(c), 'a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous

or contrary to law.'" *New Life Evangelistic Ctr., Inc.*, 847 F. Supp. 2d at 52-53. To satisfy this standard, the party asserting the objection must leave the court "with the definite and firm conviction that a mistake has been committed." *Id.* at 53 (quoting *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Ent.*, 659 F.3d 13, 21 (D.C. Cir. 2011)) (other citation omitted).

## II.      Local Civil Rule 72.3

Local Civil Rule 72.3 governs the review of a party's objections to a report and recommendation issued by a magistrate judge. Like Local Civil Rule 72.2, "[p]roper objections [under Local Civil Rule 72.3] 'shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection.'" *Hall v. Dep't of Com.*, Civ. A. No. 16-1619, 2018 U.S. Dist. LEXIS 72110, at *5 (D.D.C. Apr. 30, 2018) (quoting LCvR 72.3(b)). Determination of objections under Local Civil Rule 72.3 is generally de novo, LCvR 72.3(c), but "[a]s numerous courts have held, objections which merely rehash an argument presented to and considered by the magistrate judge are not properly objected to and are therefore not entitled to de novo review." *Id.* at *506 (quoting *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013)) (other citation omitted).

## ARGUMENT

## I.      Plaintiff's Objection to Magistrate Judge Harvey's Reference to the FBI's Description of the Number of Pages Released With the FBI's July 17, 2020 Supplemental Release

Plaintiff maintains that the Seidel Declaration incorrectly states the number of pages released in full or part to Plaintiff in the FBI's July 17, 2020 supplemental release (18 pages instead of 13), and requests that this Court reevaluate the supplemental release based on this information because a *Vaughn* index is necessary to test the propriety of the FBI's withholding of the five pages it stated it released in full or in part but instead withheld. Pl.'s Objections at 1-2. Although Plaintiff

is correct about the FBI's inadvertent oversight, that oversight does not warrant this Court rejecting the Report and Recommendation because the withheld pages are accounted for on the FBI's *Vaughn* index, were addressed in the Report and Recommendation, and in any event this error is not material.

The FBI's supplemental release was intended to reprocess pages to release information on the reprocessed pages that had previously been withheld under Exemption 5 pursuant to the work product privilege. *See* 2d Seidel Decl. ¶ 8. On its *Vaughn* index attached to the Hardy Declaration filed in support of Defendants' Motion for Summary Judgment, the FBI had previously included the 13 pages withheld in part, as well as the five withheld pages withheld in full (the latter being the pages bates labeled FBI (17-cv-319)-479 and 480, FBI (17-cv-319)-695 to 697).[6] *See* Hardy Decl. Ex. M. The five withheld pages are interview prompts withheld under Exemption 5 pursuant to the deliberative process privilege. As Magistrate Judge Harvey correctly concluded, "the FBI has adequately invoked the deliberative process-privilege with respect to the five documents it withheld under that privilege." Report and Recommendation at 36. Plaintiff provides no reason for the Court to reach a contrary conclusion or to conclude that the redactions on the 13 pages released in part were improper.

**II.      Plaintiff's Objection to the Denial of His Fourth Motion to Supplement**

Plaintiff claims that he would have filed his Fourth Motion to Supplement sooner had he known he would not be able to remedy his failure to exhaust his administrative remedies on his February 2017 Request, and that he would suffer prejudice by having to file a new complaint pertaining to his analogous June 2018 Request—instead of being permitted to supplement his

---

[6]      The FBI labeled all pages responsive to Plaintiff's FOIA request consecutively as "'FBI (17-cv-319)-1' through 'FBI (17-cv-319)-850.'" Hardy Decl. ¶ 35.

complaint—while Defendants would experience no prejudice because Defendants have been granted many extensions in this case and his July 2017 Request remains open. *See* Pl.'s Objections at 2-4. Plaintiff, however, has not shown, as he must, that Magistrate Judge Harvey's denial of his Fourth Motion to Supplement is "clearly erroneous or contrary to the law." LCvR 72.2(c).

"Rule 15(d) provides that a court 'may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *James Madison Project v. Dep't of Just.*, 208 F. Supp. 3d 265, 277 (D.D.C. 2016) (quoting Fed. R. Civ. P. 15(d)). "Although leave should be freely granted, leave may be denied where there has been undue delay or supplement would be prejudicial to the defendant." *Id*. at 278 (citing *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)).

*James Madison Project* is instructive. There, the FOIA-plaintiff waited until after the defendants moved for summary judgment to request leave to amend its complaint without providing a reason for its delay. 208 F. Supp. 3d at 280. The Court deemed the plaintiff's request "a motion to supplement the Complaint as the additions pertain to events 'that happened after the date of the pleading to be supplemented.'" *Id*. (quoting Fed. R. Civ. P. 15(d)). The Court did not grant leave to supplement "because there has been undue delay and further delay would prejudice [the] [d]efendants, who have already spent considerable time and effort briefing summary judgment on the issues presented in this case." *Id*. (citing *Hall*, 437 F.3d at 101).

Similarly, Plaintiff's request to supplement was unduly delayed, and further delay would prejudice Defendants. Plaintiff sought supplementation to add his June 2018 Request to EOUSA for which he contends he exhausted his administrative remedies as of March 18, 2019, which he asserts is identical to his February 2017 Request that Magistrate Judge Harvey found Plaintiff had failed to exhaust. *See* Pl.'s Fourth Mot. to Supplement (ECF No. 72) at 1-2; Pl.'s Proposed Fourth

Supplement to Compl. (ECF No. 72-1); Feb. 17, 2021 Order at 2-3. By the time that Plaintiff requested supplementation at the time he filed his summary judgment cross-motion reply brief on October 31, 2020, he had waited over a year and a half to attempt to supplement his complaint, during which time summary judgment briefing had begun (on October 3, 2019), proceeded through cross-motion briefing (begun on December 27, 2019, with a summary judgment reply and cross-motion opposition filed on July 31, 2020), and finally been completed (on October 31, 2020). Notably, Plaintiff's prior conduct showed that he knew how to move to supplement his complaint. *See* ECF Nos. 3, 21, 31.

Moreover, permitting Plaintiff to supplement now with a request that is unrelated to the issues remaining in the case would prejudice EOUSA by requiring it to divert additional resources to addressing the request through litigation. Because there exists case law that supports Magistrate Judge Harvey's denial of Plaintiff's Fourth Motion to Supplement, the Court should find that Magistrate Judge Harvey's denial of Plaintiff's Fourth Motion to Supplement is neither clearly erroneous nor contrary to the law.

\*    \*    \*

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court overrule Plaintiff's Objections.

Dated: March 19, 2021
       Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:  _____/s/ *Michael A. Tilghman II*_____
MICHAEL A. TILGHMAN II
D.C. Bar #988441
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202)252-7113
Michael.Tilghman@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2021, I caused a true and correct copy of the foregoing to be sent by email and First Class Mail, postage paid, to:

Robert Kolbusz
201 Main St.
Unit 3B
Houston, TX 77002
rkolbusz204@gmail.com

*/s/ Michael A. Tilghman II*___
Michael A. Tilghman II
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

- 11 -