**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ROBERT KOLBUSZ,<br><br>         Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, *et al.*,<br><br>         Defendants. |

Civ. Action No. 17-319
      (EGS/GMH)

<u>**MEMORANDUM OPINION**</u>

I.   **Introduction**

Plaintiff Robert Kolbusz ("Mr. Kolbusz") brings this action following a series of requests to the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA") (collectively, "Defendants") pursuant to the Privacy Act, *see* 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See generally* Compl., ECF No. 1; Pl.'s Suppl. Compl., ECF No. 3; Pl.'s Second Suppl. Compl., ECF No. 25.[1] The Court referred the case to Magistrate Judge G. Michael Harvey for full case management, up to but excluding

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

trial pursuant to Local Civil Rule 72.2. *See* Minute Order (Jan. 10, 2020).

Pending before the Court are Defendants' Motion for Summary Judgment, *see* Defs.' Mot. for Summ. J., ECF No. 48; and Mr. Kolbusz's Cross-Motion for Summary Judgment, *see* Pl.'s Opp'n Def.'s Mot. Summ. J., Pl.'s Cross-Mot. for Summ. J., Mot. for Government to Produce Complete Vaughn Index, ECF Nos. 50 & 51. On February 17, 2021, Magistrate Judge Harvey issued a Report and Recommendation ("R. & R.") recommending that the Court grant in part and deny in part without prejudice Defendants' Motion for Summary Judgment, ECF No. 48; and deny in part and deny in part without prejudice Mr. Kolbusz's Cross-Motion for Summary Judgment, ECF No. 51.

In a separate order, issued on February 17, 2021, Magistrate Judge Harvey denied Mr. Kolbusz's Motion for Leave to File a Fourth Supplemental Complaint. *See* Order, ECF No. 77.

Mr. Kolbusz raises objections to Magistrate Judge Harvey's R. & R and to his February 2021 order. *See generally* Pl.'s Objs. Court Order 2/17/2021 (ECF No. 76); R. & R. ("Pl.'s Objs."), ECF No. 78.

Upon careful consideration of the R. & R. and the order, the objections, opposition, and reply thereto, the applicable law, and the entire record herein, the Court hereby **ADOPTS** Magistrate Judge Harvey's R. & R., *see* ECF No. 76; **GRANTS IN**

**PART** and **DENIES IN PART WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment, *see* ECF No. 48; **DENIES IN PART** and **DENIES IN PART WITHOUT PREJUDICE** Mr. Kolbusz's Cross-Motion for Summary Judgment, *see* ECF Nos. 50 & 51; and **OVERRULES** Mr. Kolbusz's objection to Order, ECF No. 77, *see* ECF No. 78.

## II.  Background

### A. Factual[2]

Mr. Kolbusz has sued the FBI and EOUSA to resolve three requests he made under FOIA and the Privacy Act: (1) a request to the FBI in October 2016 ("October 2016 Request"); (2) a request to EOUSA in February 2017 ("February 2017 Request"); and (3) a second request to EOUSA in July 2017 ("July 2017 Request"). *See generally* Compl., ECF No. 1 (October 2016 Request); Pl.'s Suppl. Compl., ECF No. 3 (February 2017 Request); Pl.'s Second Suppl. Compl., ECF No. 25 (July 2017 Request).

### 1. October 2016 Request

On October 1, 2016, Mr. Kolbusz submitted a FOIA/Privacy Act request to the FBI. *See* Defs.' Statement of Undisputed Facts as to Which There is No Genuine Issue ("SOMF"), ECF No. 48-1 ¶ 3. He sought "all records in the possession of [the FBI]

---

[2] The Court relies on Defendants' Statement of Undisputed Facts as to Which There is No Genuine Issue and other supporting documents. *See* ECF No. 48-1.

concerning specifically . . . any and all FBI 302's, agents['] handwritten notes, emails, letters or other correspondence containing [his] name." *Id.* (quoting Decl. of David M. Hardy ("Hardy Decl."), ECF No. 48-2 ¶ 5). The FBI responded on October 17, 2016 to inform him that the information he requested was located in an investigative file that was exempt from disclosure pursuant to FOIA Exemption 7(A). *Id.* ¶ 6 (citing Hardy Decl., ECF No. 48-2 ¶ 8; Ex. D, ECF No. 48-3 at 12-16).

The FBI did not provide Mr. Kolbusz with any details regarding the number of pages in the investigative file or the number of responsive documents. *See* Ex. D, ECF No. 48-3 at 12-16. However, the agency has since represented that it located 2,942 pages of potentially responsive material and 80 CDs with additional material, *see* Status Report, ECF No. 18 at 1; and that only 928 pages were responsive to Mr. Kolbusz's October 2016 Request, *see* Status Report, ECF No. 23 at 1; Status Report, ECF No. 26 at 1.

Mr. Kolbusz administratively appealed the FBI's decision to withhold responsive records. *See* SOMF, ECF No. 48-1 ¶ 7 (citing Hardy Decl., ECF No. 48-1 ¶ 9; Ex. E, ECF No. 48-3 at 18). The DOJ Office of Information Policy ("OIP") denied his appeal on January 6, 2017. *See id.* ¶ 10 (citing Hardy Decl., ECF No. 48-1 ¶ 12; Ex. H, ECF No. 48-3 at 31-33).

Some time after Mr. Kolbusz's unsuccessful appeal, the FBI determined that it would no longer withhold all responsive records in the investigative file because the investigation was no longer pending. *See* Hardy Decl., ECF No. 48-1 at 5 n.1. The agency thereafter made two releases to Mr. Kolbusz. On September 14, 2018, the FBI released 844 pages of records in full or in part and informed Mr. Kolbusz that it would continue to withhold certain information pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions 5, 6, 7(C), 7(D), and 7(E). *See* SOMF, ECF No. 48-1 ¶ 14 (citing Hardy Decl., ECF No. 48-1 ¶ 16; Ex. K, ECF No. 48-3 at 39). The FBI also explained that it had referred certain records to another government agency ("OGA") for review, as that information had originated with those OGAs. *See id.* (citing Hardy Decl., ECF No. 48-1 ¶ 16). The FBI made its second release on October 5, 2018. *See id.* ¶ 15. The agency explained it had reviewed 11 pages of records with the Department of Labor ("DOL") and released 11 pages in full or in part. *See id.* (citing Hardy Decl., ECF No. 48-1 ¶ 17). It withheld certain information pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions 6 and 7(C). *See id.* (citing Hardy Decl., ECF No. 48-1 ¶ 17; Ex. L, ECF No. 48-3 at 44).

The Department of Health and Human Services ("HHS") and EOUSA contacted Mr. Kolbusz directly with their determinations regarding responsive material referred to those OGAs. *See id.*

(citing Hardy Decl., ECF No. 48-1 ¶ 17). On September 21, 2018, HHS informed Mr. Kolbusz that it would release 2 pages and withhold the remaining 54 pages in full pursuant to FOIA Exemptions 5, 6, 7(C), and (7)(F). *See* Ex. N, ECF No. 48-3 at 79. Later, on October 3, 2018, EOUSA communicated to Mr. Kolbusz that it would release most of the 11 pages referred to the agency but would withhold certain information pursuant to FOIA Exemptions 6 and 7(C). *See* Decl. of Natasha Hudgins ("Hudgins Decl."), ECF No. 48-4 ¶ 18.

The FBI also determined that 20 CDs in the investigative file potentially contained responsive material and referred those CDs to EOUSA for further review. *See* SOMF, ECF No. 48-1 ¶ 38 (citing Hudgins Decl., ECF No. 48-4 ¶ 15). EOUSA determined that 17 CDs did not contain responsive records but could not access the information in the other 3 CDs. *See id.* ¶ 39 (citing Hudgins Decl., ECF No. 48-4 ¶ 16). The agency contacted Mr. Kolbusz with its determination on August 7, 2019. *See id.* ¶ 40 (citing Hudgins Decl., ECF No. 48-4 ¶ 17; Ex. C, ECF No. 48-3 at 9-11).

Finally, the FBI released additional pages of reprocessed material on July 17, 2020. *See* Second Decl. Michael G. Seidel ("Seidel Second Decl."), ECF No. 66-1 at 3, 13. Before this release, the agency had withheld 13 of these pages in part and 5 in full pursuant to FOIA Exemptions 5, 6, and 7(C). *See id.* at

6

4. The FBI now released information that it had previously withheld as work product. *See id.* at 6.

### 2. February 2017 Request

On February 8, 2017, Plaintiff requested from the U.S. Attorney's Office for the Northern District of Illinois ("USAO-ILN") "[c]opies of all contracts with Dr. Edward V. Ross, for the period 2011 to 2017, copies of all invoices submitted by Ross for any services provided to the Office of the United States Attorney or Justice Department, [and] detailed payment history of all payments to Edward Ross by DOJ or [E]OUSA for the period 2011 to 2017." Pl.'s Suppl. Compl., ECF No. 3 at 3. USAO-ILN forwarded this request to EOUSA, as the latter is responsible for reviewing FOIA and Privacy Act requests for the United States Attorney's offices. *See* SOMF, ECF No. 48-1 ¶ 30 (citing Hudgins Decl., ECF No. 48-4 ¶ 5); Hudgins Decl., ECF No. 48-4 ¶ 1.

EOUSA did not conduct a search. *See generally* Hudgins Decl., ECF No. 48-4. Instead, the agency determined that it could deny this request because Mr. Kolbusz sought the records of a third party—Dr. Ross—which are protected under the Privacy Act. *See* SOMF, ECF No. 48-1 ¶ 32. EOUSA notified Mr. Kolbusz of its determination on February 21, 2017, explaining that these records could not be released absent the third party's "express authorization and consent," proof of death, "or a clear

7

demonstration that the public benefit would result from the disclosure of the requested records." *Id.* (citing Hudgins Decl., ECF No. 48-4 ¶ 7).

Mr. Kolbusz did not administratively appeal EOUSA's decision. *See* Hudgins Decl., ECF No. 48-4 ¶ 8.

### 3. July 2017 Request

Mr. Kolbusz submitted another FOIA/Privacy Act request to EOUSA on July 27, 2017. *See* Pl.'s Second Suppl. Compl., ECF No. 25. This time, he requested "[a]ll notes of interview, memorandums, e-mails, letters, reports, or documents of any kind, relating to the case United States v. Robert Kolbusz, 12-CR-782, N.D. IL, Eastern Division, at Chicago, Illinois." *Id.* at 1. EOUSA contacted USAO-ILN to search for responsive records because that office prosecuted Mr. Kolbusz in the referenced matter. *See* Second Decl. Natasha Hudgins ("Hudgins Second Decl."), ECF No. 66-2 ¶ 12. USAO-ILN conducted a search and determined that releasing responsive records "would hinder ongoing proceedings" in his criminal and related civil cases. *Id.* ¶ 13.

On May 9, 2018, EOUSA contacted Mr. Kolbusz and erroneously informed him that USAO-ILN's search returned no responsive records. *See id.* ¶ 14. Later that month, on May 22, 2018, Mr. Kolbusz administratively appealed EOUSA's determination. *See id.* at 22. OIP denied his appeal, explaining that, although EOUSA

had located responsive records, the agency properly withheld those records pursuant to Privacy Act Exemption (j)(2) and FOIA Exemption 7(A). *See id.* ¶ 15.

**B. Procedural**

On October 3, 2019, Defendants moved for summary judgment. *See* Defs.' Mot. Summ. J., ECF No. 48. Mr. Kolbusz opposed this motion and filed a cross-motion for summary judgment on December 27, 2019. *See* Pl.'s Opp'n Def.'s Mot. Summ. J., Pl.'s Cross-Mot. for Summ. J., Mot. for Government to Produce Complete Vaughn Index, ECF Nos. 50 & 51. Defendants filed a combined reply in support of their motion and opposition to Mr. Kolbusz's motion on July 31, 2020. *See* Defs.' Reply in Supp. Mot. Summ. J. & Opp'n Pl.'s Cross-Mot. Summ. J., Mot. Compel, & Mot. Alter or Amend J., ECF No. 67. Mr. Kolbusz filed his reply brief on October 31, 2020. *See* Pl.'s (Kolbusz) Reply Defs.' Reply Mots. For: Supp. Mot. Summ. J. & Opp'n Pl.'s Cross-Mot. Summ. J., Mot. Compel, & Mot. Alter or Amend J., ECF No. 71.

On February 17, 2021, Magistrate Judge Harvey issued his R. & R. recommending that the Court grant in part and deny in part without prejudice Defendants' Motion for Summary Judgment, ECF No. 48; and deny in part and deny in part without prejudice Mr. Kolbusz's Cross-Motion for Summary Judgment, ECF No. 51.

Mr. Kolbusz also filed a Motion for Leave to File a Fourth Supplemental Complaint. *See* Pl.'s Mot. Leave File Fourth Suppl.

Compl., ECF No. 72. Defendants opposed this motion. *See* Defs.'
Opp'n Pl.'s Fourth Mot. Suppl. & Mot. Limited Discovery, ECF No.
74. On February 17, 2021, Magistrate Judge Harvey issued an
order denying Mr. Kolbusz's Motion for Leave to File a Fourth
Supplemental Complaint. *See* Order, ECF No. 77.

Mr. Kolbusz raises objections to Magistrate Judge Harvey's
R. & R and to his February 2021 order. *See* Pl.'s Objs., ECF No.
78. Defendants filed a brief in opposition on March 19, 2021,
*see* Defs.' Opp'n "Pl.'s Objs. Court Order 2/17/2021 (ECF No. 76)
R. & R." ("Defs.' Opp'n"), ECF No. 79; and Mr. Kolbusz replied
two days later, *see* Pl.'s Reply Defs.' Objs. Court Order
2/17/2021 (ECF No. 76) R. & R. ("Pl.'s Reply"), ECF No. 80.

The motions and objections are now ripe and ready for
adjudication.

## III. Legal Standard

### A. Objections to a Magistrate Judge's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), a party
may file specific written objections once a magistrate judge has
entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2).
Objections must "specifically identify the portions of the
proposed findings and recommendations to which objection is made
and the basis for the objection[s]." LCvR 72.3(b). A district
court "may accept, reject, or modify the recommended

disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation and internal quotation marks omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. Dist. of Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (internal quotation marks omitted) (citing *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009)). The Court reviews Mr. Kolbusz's objection to the R. & R. *de novo*.

**B. Motion for Summary Judgment**

Federal Rule of Civil Procedure 56 provides that summary judgment motions must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment

11

as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(c)(1). This burden "may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

A party opposing summary judgment must show that a genuine factual issue exists by "(A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). Any factual assertions in the moving party's affidavits will be accepted as true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). However, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

### C. FOIA

FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," and it favors "full agency disclosure." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (quoting *Rose v. Dep't of the Air Force*, 495 F.2d 261, 263 (2d Cir. 1974)). However, pursuant to FOIA's nine exemptions, an agency may withhold certain requested information. 5 U.S.C. § 552(b)(1)-(9). "[B]ecause FOIA establishes a strong presumption in favor of disclosure, requested material must be disclosed unless it falls squarely within one of the nine exemptions." *See Burka v. U.S. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996) (citations omitted).

FOIA cases are usually and appropriately resolved on motions for summary judgment. *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). An agency has the burden of demonstrating that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (citation and internal quotation marks omitted).

In reviewing a summary judgment motion in the FOIA context, the court must conduct a *de novo* review of the record, *see* 5 U.S.C. § 552(a)(4)(B); but may rely on agency declarations, *see SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Agency affidavits or declarations that are "relatively detailed and non-conclusory" are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (citation and internal quotation marks omitted). The Court may award summary judgment solely on the basis of information provided by the agency in declarations when the declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (citation and internal quotation marks omitted).

**D. Objections to a Magistrate Judge's Order**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2(b), a party may file written objections to a magistrate judge's order ruling on a non-dispositive motion. Fed. R. Civ. P. 72(a); LCvR 72.2(b); *see also* LCvR 72.2(a). The district judge then "must consider timely objections and modify

or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* LCvR 72.2(c). "A court should make such a finding when the court is left with the definite and firm conviction that a mistake has been committed." *United States v. Inst. for Coll. Access & Success*, 27 F. Supp. 3d 106, 110 (D.D.C. 2014) (citations and internal quotation marks omitted).

### E. Motion for Leave to Supplement a Complaint

Pursuant to Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions to supplement pleadings "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting Wright, *et al.*, Federal Practice and Procedure § 1504, at 186–87).

### F. Pro Se Litigants

"[P]ro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land, LP v. Childress*, No. CIV.A. 05-1292(RWR), 2006 WL 1877014, at *2 (D.D.C. July 5,

15

2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The pleadings of pro se parties therefore "[are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Even so, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). Pro se litigants must comply with federal and local rules. *See Jarrell*, 656 F. Supp. at 239; *Roosevelt Land*, 2006 WL 1877014, at *2.

## IV. Analysis

### A. Magistrate Judge Harvey Correctly Determined That The FBI Appropriately Withheld Information in Its 2020 Release Pursuant to FOIA Exemption 5

Mr. Kolbusz first asks the Court to re-evaluate the portion of the R. & R. discussing the FBI's release of reprocessed material on July 17, 2020. *See* Pl.'s Objs., ECF No. 78 at 1-2. He argues that such review is necessary because of Magistrate Judge Harvey's confusion about the number of pages the FBI released in full and in part. *See id.* (citing R. & R., ECF No. 76 at 8). In their opposition brief, Defendants explain that one of the FBI's declarations contains an inadvertent typographical error. *See* Defs.' Opp'n, ECF No. 79 at 7-8. They contend that this "oversight" is "no reason for the Court to reach a contrary

conclusion" about the FBI's decision to withhold information from the July 17, 2020 release. *See id.* at 8.

The Court agrees with Magistrate Judge Harvey's findings and recommendations regarding the FBI's release of 18 reprocessed pages. In the Background section of the R. & R., Magistrate Judge Harvey states that "it remains unclear how many of the pages were released in part and how many were released in full." R. & R., ECF No. 76 at 8 (citing ECF No. 66-1 at 3-4, 13). The source of confusion is: twice in the FBI's supplemental declaration, the agency states that "it reviewed 18 pages and was releasing 18 pages in full or in part," Seidel Second Decl., ECF No. 66-1 at 3-4, 13; but elsewhere, the FBI states that it released 13 pages in part and withheld five pages in full, *see id.* at 6 ("The FBI protected information on 13 pages of the responsive documents with the attorney-client privilege pursuant to Exemption 5 in coded category (b)(5)-1."); *id.* at 8 ("The FBI protected information on five (5) pages of the responsive documents with the deliberative process privilege in Exemption category (b)(5)-2."). Defendants have now clarified the number of pages released, and Mr. Kolbusz accepts their explanation for the initial confusion, as does the Court. *See* Defs.' Opp'n, ECF No. 79 at 7-8; Pl.'s Reply, ECF No. 80 at 1.

Defendants' error did not otherwise affect the analysis in the R. & R. Notwithstanding the discrepancies in this

17

declaration, Magistrate Judge Harvey examined the FBI's claimed exemptions for all 18 pages. *See* R. & R., ECF No. 76 at 29-36. He determined that the FBI appropriately invoked the attorney-client privilege[3] to withhold information from 13 documents in part, *see id.* at 30-33; *see* Seidel Second Decl., ECF No. 66-1 at 6; and that the FBI appropriately invoked the deliberative process privilege[4] to withhold five documents in full, *see* R. & R., ECF No. 76 at 33-36; *see* Seidel Second Decl., ECF No. 66-1 at 8. As Defendants point out, *see* Defs.' Opp'n, ECF No. 79 at 8; Mr. Kolbusz has not argued that either conclusion is incorrect, *see* Pl.'s Objs., ECF No. 78 at 1-2; Pl.'s Reply, ECF No. 80 at 1.

Further, the Court finds no error with this portion of the R. & R. The FBI claimed the attorney-client privilege to withhold portions of 13 documents, which contain emails discussing the appeal in Mr. Kolbusz's criminal case and his Section 2255 petition. *See* Seidel Second Decl., ECF No. 66-1 at 6-7. In the FOIA context, the attorney-client privilege protects confidential communications made between agencies and agency

---

[3] FOIA Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency" and thus includes the attorney-client privilege. *See* 5 U.S.C. § 552(b)(5).

[4] FOIA Exemption 5 also protects information subject to the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5).

lawyers "for the purpose of securing legal advice or services." *Tax Analysts v. I.R.S.*, 117 F.3d 607, 618 (D.C. Cir. 1997) (citing *In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984)); *Jud. Watch, Inc. v. U.S. Dep't of Treasury*, 802 F. Supp. 2d 185, 200 (D.D.C. 2011). The FBI explains in its declaration that the 13 pages of emails contain "discussions between FBI investigators and DOJ AUSAs in which these government personnel were developing investigative and prosecutorial strategies" and "were made in confidence, were not shared with or circulated to individuals outside the attorney-client relationship, and were made for the purpose of securing legal assistance or advice in relation to government legal positions." Hardy Decl., ECF No. 48-2 at 17. This is sufficient to invoke the attorney-client privilege. *See Reep v. U.S. Dep't of Just.*, 302 F. Supp. 3d 174, 185 (D.D.C. 2018), *aff'd*, No. 18-5132, 2018 WL 6721099 (D.C. Cir. Dec. 18, 2018).

Turning to the remaining five documents, the FBI invoked the deliberative process privilege to withhold these documents in full, as they contain "lists of interview prompts developed by FBI [Special Agents] in preparation for future interviews of witnesses in the investigation of [Plaintiff]." *See* Seidel Second Decl., ECF No. 66-1 at 8. The deliberative process privilege protects information that is predecisional and deliberative. *Mapother v. Dep't of Just.*, 3 F.3d 1533, 1537

(D.C. Cir. 1993). "A communication is predecisional if 'it was generated before the adoption of an agency [decision]' and deliberative if it 'reflects the give-and-take of the consultative process.'" *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 375 F. Supp. 3d 93, 99 (D.D.C. 2019) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)). The interview prompts in the emails here are predecisional because they contain proposed questions developed before the FBI's interview with Mr. Kolbusz. *See* Hardy Decl., ECF No. 48-2 at 20; Seidel Second Decl., ECF No. 66-1 at 8-9. The prompts are also deliberative because they formed "an integral part of the deliberations to develop a final investigative strategy." *See* Hardy Decl., ECF No. 48-2 at 20; Seidel Second Decl., ECF No. 66-1 at 9. The FBI thus appropriately invoked the deliberative process privilege. *See Techserve All. v. Napolitano*, 803 F. Supp. 2d 16, 27 (D.D.C. 2011).

The Court therefore **ADOPTS** the R. & R., *see* ECF No. 76; grants Defendants' Motion for Summary Judgment as to the FBI's July 2020 release, *see* ECF No. 48; and denies Mr. Kolbusz's Cross-Motion for Summary Judgment on the issue, *see* ECF No. 51.[5]

---

[5] The Court need not address Mr. Kolbusz's request for another *Vaughn* index, *see* Pl.'s Objs., ECF No. 78 at 2; because there is no remaining claimed exemption to test, *see Schiller v. N.L.R.B.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992), *abrogated on other grounds*, *Milner v. Dep't of Navy*, 562 U.S. 562 (2011).

### B. Magistrate Judge Harvey Properly Denied Mr. Kolbusz's Motion for Leave to Supplement[6] the Complaint

Mr. Kolbusz next objects to Magistrate Judge Harvey's denial of his motion for leave to supplement the Complaint to add a claim regarding his June 2018 FOIA request to EOUSA. *See* Order, ECF No. 77 at 2-3; Pl.'s Fourth Suppl. Compl. Denial of Kolbusz' FOIA Request for Dr. Ross' Contracts, ECF No. 72-1. The parties disagree as to the appropriate standard of review for this objection. *See* Pl.'s Reply, ECF No. 80 at 1-2; Defs.' Opp'n, ECF No. 79 at 6-7, 9. In addition, Mr. Kolbusz raises four arguments in objection to the ruling: (1) Magistrate Judge

---

[6] The Court clarifies that Mr. Kolbusz's motion should be treated as a motion to supplement the Complaint and not as a motion to amend the Complaint. Here, Mr. Kolbusz seeks to add to his pleading a FOIA request he filed in June 2018, more than one year after he filed the original Complaint in this case. *See* Pl.'s Mot. Leave File Fourth Suppl. Compl., ECF No. 72 at 1. The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has previously held that "[t]he addition of [a] new FOIA request is plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d), as it 'sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" *Hall*, 437 F.3d at 100 (quoting Fed. R. Civ. P. 15(d)) (citing *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)). Although Mr. Kolbusz's June 2018 FOIA request is duplicative of his February 2017 request, *compare* Pl.'s Fourth Suppl. Compl. Denial of Kolbusz' FOIA Request for Dr. Ross' Contracts, ECF No. 72-1 at 1, *and* Pl.'s Suppl. Compl., ECF No. 3 at 1-2; it is still an entirely "distinct transaction," *Aftergood v. C.I.A.*, 225 F. Supp. 2d 27, 30-31 (D.D.C. 2002); *see also Toensing v. U.S. Dep't of Just.*, 890 F. Supp. 2d 121, 133 (D.D.C. 2012). The Court therefore considers Mr. Kolbusz's motion as one for leave to file a supplemental pleading.

Harvey held "pro se Plaintiff to a higher standard than the
Government," *see* Pl.'s Objs., ECF No. 78 at 3; (2) the
supplemental complaint would not cause undue delay; (3)
Defendants would not be prejudiced by the filing of a
supplemental complaint, *see id.* at 3-4; and (4) Mr. Kolbusz is
unduly prejudiced by this denial, *see id.* at 4. The Court
considers each argument in turn and concludes that Magistrate
Judge Harvey properly denied Mr. Kolbusz's motion.

### 1. Standard of Review

Mr. Kolbusz argues that Magistrate Judge Harvey's denial of
his motion for leave to supplement the Complaint was a
"'discretional' decision of the Court" and should be reviewed
for abuse of discretion. *See* Pl.'s Reply, ECF No. 80 at 1-2
(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants
argue that the Court should apply the standard in Local Civil
Rule 72.2(c) to resolve Mr. Kolbusz's objection. *See* Defs.'
Opp'n, ECF No. 79 at 9. The Court agrees with Defendants that
Local Civil Rule 72.2(c) governs its consideration of Mr.
Kolbusz's objection.

Federal and local rules govern review of orders by
magistrate judges. Here, Magistrate Judge Harvey considered and
entered an order ruling on Mr. Kolbusz's Motion to Supplement
the Complaint, *see* Order, ECF No. 77 at 2-3; which is a non-
dispositive motion, *cf. Pagano v. Frank*, 983 F.2d 343, 346 (1st

Cir. 1993) (concluding that motion to amend a complaint is a non-dispositive matter). Where, as here, a party files written objections to a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); LCvR 72.2(c). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Haughton v. Dist. of Columbia*, 161 F. Supp. 3d 100, 102 (D.D.C. 2002) (citing *Gypsum* when reviewing a magistrate judge's non-dispositive order). Meanwhile, "the 'contrary to law' standard 'permits *de novo* review of a magistrate judge's legal conclusions.'" *Republic of Gambia v. Meta Platforms, Inc.*, 588 F. Supp. 3d 1, 3 (D.D.C. 2022) (quoting *Am. Ctr. for Civ. Just. v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011)). These are the standards that now govern the Court's review.

### 2. Mr. Kolbusz Has Been Held to the Appropriate Standard

Mr. Kolbusz also contends that Magistrate Judge Harvey held him "to a higher standard than the Government." Pl.'s Objs., ECF No. 78 at 3. He explains that he would have filed this motion for leave to supplement the Complaint "long ago" if he had known

"the case law that a duplicative FOIA request could not cure a failed administrative remedy." *Id.* True, "pro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land*, 2006 WL 1877014, at *2 (citing *Haines*, 404 U.S. at 520). But "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza*, 658 F. Supp. 2d at 137 (citing *Jarrell*, 656 F. Supp. at 239). It follows that neither Magistrate Judge Harvey nor the Court has license to lower the standard for review for Mr. Kolbusz's motion.

Mr. Kolbusz's argument does not conclude there. Instead, he faults Defendants for "schrewd [sic] legal maneuvering"—specifically, for not filing a motion to dismiss the Complaint for his failure to exhaust his administrative remedies for his February 2017 FOIA request. Pl.'s Objs., ECF No. 78 at 3. This is not the "tactical delay" that Mr. Kolbusz contends has occurred. *Id.* The D.C. Circuit treats failure to exhaust administrative remedies "as a jurisprudential, not a jurisdictional, bar to judicial review." *Calhoun v. Dep't of Just.*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)). Thus, while a defending agency may properly file a motion to dismiss for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6), *see Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011) (citing *Jones v.*

*Dep't of Just.*, 576 F. Supp. 2d 64, 66 (D.D.C. 2008)), *aff'd sub*

*nom. Flaherty v. I.R.S.*, 468 F. App'x 8 (D.C. Cir. 2012); most

FOIA cases, including those involving a failure to exhaust

administrative remedies, are resolved on summary judgment, *see*

*Brayton*, 641 F.3d at 527. Defendants' decision to file a motion

for summary judgment, rather than a motion to dismiss, was

appropriate. *Cf., e.g.*, *Pinson v. U.S. Dep't of Just.*, 145 F.

Supp. 3d 1, 10 (D.D.C. 2015).

### 3. Magistrate Judge Harvey's Order is Neither Clearly Erroneous Nor Contrary to Law

Finally, Mr. Kolbusz raises several points suggesting that

Magistrate Judge Harvey's order is contrary to law. *See* Pl.'s

Objs., ECF No. 78 at 3-4. In particular, Mr. Kolbusz objects to

Magistrate Judge Harvey's conclusion that granting the motion to

supplement the Complaint would cause undue delay and argues that

the balance of prejudice to the parties weighs in favor of

granting the motion. *See id.*

Federal Rule of Civil Procedure 15(d) states that "the

court may, on just terms, permit a party to serve a supplemental

pleading setting out any transaction, occurrence, or event that

happened after the date of the pleading to be supplemented."

Fed. R. Civ. P. 15(d). This standard is a permissive one. *Clean*

*Water Action v. Pruitt*, 315 F. Supp. 3d 72, 79 (D.D.C. 2018).

Motions for leave to supplement pleadings "are to be 'freely

granted when doing so will promote the economic and speedy
disposition of the entire controversy between the parties, will
not cause undue delay or trial inconvenience, and will not
prejudice the rights of any of the other parties to the
action.'" *Hall*, 437 F.3d at 101 (quoting Wright, *et al.*, Federal
Practice and Procedure § 1504, at 186-87).

Mr. Kolbusz claims that granting his motion to supplement
the Complaint would not cause undue delay. *See* Pl.'s Objs., ECF
No. 78 at 3-4. He reasons that this new supplemental complaint
"involves a single FOIA request that is very limited in scope
and with limited numbers of documents [that] [t]he FOIA officer
has already located and reviewed the documents." *Id.* at 4
(citing ECF No. 72-2). This addition, he continues, is minimal
compared to Defendants' delay in the case and other issues that
remain regarding the July 2017 FOIA request. *See id.* Defendants
counter that this supplemental complaint would cause undue
delay. *See* Defs.' Opp'n, ECF No. 79 at 10. They explain that Mr.
Kolbusz sat on this claim for 1.5 years and waited until the
conclusion of summary judgment briefing to file. *See id.* (citing
ECF Nos. 3, 21, 31). Magistrate Judge Harvey concluded a
supplemental complaint would cause undue delay for the same
reason. *See* Order, ECF No. 77 at 3.

The Court agrees with Defendants and Magistrate Judge
Harvey that granting Mr. Kolbusz's motion would cause undue

delay. As Defendants point out, Mr. Kolbusz knew how to supplement a complaint and has done so previously in this case. *See generally* Docket for Civ. Action No. 17-319. He provides "no reason" for this delay, *see James Madison Project v. Dep't of Just.*, 208 F. Supp. 3d 265, 280 (D.D.C. 2016); other than a desire to "circumvent the effects of summary judgment by [supplementing] the complaint," *Hoffmann v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003), *aff'd*, 96 F. App'x 717 (Fed. Cir. 2004). This reason is insufficient to justify further delay in the case. Indeed, the D.C. Circuit regularly affirms denial of such motions when they are filed "more than a year after the filing of the[] initial complaint and after dispositive motions ha[ve] been filed and opposed." *Wilderness Soc. v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (affirming denial of motion to amend a complaint).

Even so, Mr. Kolbusz argues that any delay would not be "burdensome" or prejudicial to Defendants. Pl.'s Objs., ECF No. 78 at 4. This point ignores the time already expended in this litigation. *See James Madison Project*, 208 F. Supp. 3d at 280 ("[F]urther delay would prejudice Defendants, who have already spent considerable time and effort briefing summary judgment on the issues presented in this case." (citing *Hall*, 437 F.3d at 101)).

27

Mr. Kolbusz's argument that he will be unduly prejudiced by this denial fares no better. *See* Pl.'s Objs., ECF No. 78 at 4. Although the Court credits his statement that filing fees are an obstacle to raising claims regarding the July 2018 FOIA request in a new lawsuit, *see id.;* "the desire to avoid filing fees is no justification for maintaining a single case as an ongoing forum for raising a perpetual series of FOIA and Privacy Act disputes with an agency," *Sai v. Transp. Sec. Admin.*, 155 F. Supp. 3d 1, 8 (D.D.C. 2016).

The Court therefore concludes that Magistrate Judge Harvey's order denying Mr. Kolbusz's motion to supplement the Complaint is neither clearly erroneous nor contrary to law, and **OVERRULES** Mr. Kolbusz's objection, *see* ECF No. 78.

## V.   Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Harvey's R. & R., *see* ECF No. 76; **GRANTS IN PART** and **DENIES IN PART WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment, *see* ECF No. 48; **DENIES IN PART** and **DENIES IN PART WITHOUT PREJUDICE** Mr. Kolbusz's Cross-Motion for Summary Judgment, *see* ECF Nos. 50 & 51; and **OVERRULES** Mr. Kolbusz's objection to Order, ECF No. 77, *see* ECF No. 78.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **February 17, 2023**